# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOSEPH ROBERTS,

    Plaintiff,

v.

FRANCISCO J. SAUCEDO,

    Defendant.

CIVIL ACTION NO.: 5:16-cv-41

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this cause of action on May 23, 2016, alleging that Defendant negligently caused Plaintiff injuries. (Doc. 1.) Plaintiff is proceeding *pro se* and has paid the requisite filing fee. Defendant was personally served on August 9, 2016, and his Answer to Plaintiff's Complaint is due on August 30, 2016. (Doc. 12.) However, I recommend that the Court **DISMISS** Plaintiff's claims **without prejudice** for lack of subject matter jurisdiction.

## BACKGROUND

This case arises out of a motor vehicle accident that occurred in Baxley, Georgia, on September 12, 2014. (Doc. 1, p. 1.) Plaintiff, a resident of Baxley, Georgia, alleges that Defendant—also a resident of Baxley, Georgia—failed to yield and crashed his truck into Plaintiff's vehicle, causing Plaintiff "personal acute injuries." (Id. at pp. 1–2.) Plaintiff reported the accident to Plaintiff's insurance company on September 15, 2014, and his insurance agent forwarded the information to Defendant's insurance company, Progressive Insurance ("Progressive"). (Id. at p. 2.) Progressive provided Plaintiff a rental car and wrote Plaintiff six checks totaling $9,643.17 to cover the property damage to his vehicle. (Id.) However,

Progressive has refused to pay for Plaintiff's bodily injury claims. (Id.) Therefore, Plaintiff avers that Defendant must personally compensate him for his bodily injuries arising from the car accident.

## DISCUSSION

Plaintiff is not a prisoner and he has paid the Court's $400 filing fee; thus, the screening provisions of 28 U.S.C. §§ 1915 & 1915A do not apply. Nevertheless, if a court determines "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). For the below stated reasons, the Court should **DISMISS** Plaintiff's Complaint pursuant to Rule 12(h)(3) because the Court is without subject matter jurisdiction.

This Court, like all district courts of the United States is a Court of "limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). It possesses only that power authorized by the Constitution and by Congress. Id. Moreover, Plaintiff bears the burden of establishing that his claims fall within this Court's subject matter jurisdiction. Kokkonen, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

In his Complaint, Plaintiff alleges that he sustained injuries as a result of Defendant's negligent operation of his motor vehicle and seeks $200,000 in damages. (Doc. 1, pp. 1, 4.) However, Plaintiff does not allege any basis for the Court's jurisdiction. Reading his Complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), Plaintiff may intend to assert a tort claim against Defendant under the Court's diversity jurisdiction, 28 U.S.C. § 1332, or he may hope to

invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. However, Plaintiff's claims fail to satisfy either avenue to jurisdiction.

A Court may exercise jurisdiction over a civil case between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff, a Georgia resident, has filed suit against another Georgia resident. Therefore, diversity is not "complete," as Plaintiff is a citizen of the same state as Defendant. Accordingly, the claim cannot stand under § 1332. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).

Alternatively, Plaintiff may proceed in federal court if his claim arises under federal law and thus raises a federal question. 28 U.S C. § 1331. However, Plaintiff cites no federal authority for his suit and the Court can find none. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims under § 1332. Further, even assuming that Plaintiff would proceed under 42 U.S.C. § 1983, the most likely avenue for asserting a federal tort-like claim, his claim still fails. Under § 1983, a plaintiff must establish both a violation of a right secured by the Constitution or the laws of the United States and demonstrate that the alleged violation was committed by a person acting under color of state law. Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996–97 (11th Cir. 1990). Defendant is a private entity, and Plaintiff does not allege that Defendant was acting under color of state law nor offer any information which would allow the Court to infer that Defendant was a state actor. Hence, he cannot rely upon § 1983 as a basis for federal jurisdiction. Mulkay v. Land Am. Title Ass'n, Inc., 345 F. App'x 525, 527 (11th Cir. 2009); see Wyke v. Polk County School Bd., 129 F.3d 560, 566–67 (11th Cir. 1997)

3

(discussing the need for a "substantial" federal question in order for a federal court to have jurisdiction under 28 U.S.C. § 1331).

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS** this action and that the Clerk of Court enter the appropriate judgment of dismissal and **CLOSE** this case.[1]

The Court **ORDERS** that any party seeking to object to this Report and Recommendation file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

---

[1] Plaintiff is advised that the statute of limitations applicable to Plaintiff's claims under Georgia law is two years. O.C.G.A. § 9-3-33. Further, it appears that Plaintiff's claims arose on the day the accident occurred, September 12, 2014.

4

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff and Defendant.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA